Case 4:11-cr-00113   Document 267   Filed in TXSD on 07/18/16   Page 1 of 19
United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3235 |
| | § | (CRIMINAL NUMBER H-11-113) |
| BEN HARRIS ECHOLS | § | |

### MEMORANDUM OPINION AND ORDER

The defendant, Ben Harris Echols, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 259).[1] The United States has filed a Response in Opposition to Defendant Echols' Motion for Relief Under 28 U.S.C. § 2255 ("United States' Response") (Docket Entry No. 263), defendant has filed Ben Harris Echols, M.D., Defendant-Movant Response to United States in Defendant's Motion for Relief Under 28 U.S.C. § 2255 ("Defendant's Reply") (Docket Entry No. 265), and the United States has filed a Response in Opposition to Defendant Echols' Motion for Relief Under 28 U.S.C. § 2255 ("United States' Supplemental Response") (Docket Entry No. 266). The court has carefully reviewed all submissions and pertinent matters in this criminal case. Based on this review,

---

[1] Although a Civil Action Number has been assigned to the § 2255 Motion, all docket entries referenced are to Criminal No. H-11-113. For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

the court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the pending § 2255 Motion will be denied and the corresponding Civil Action (H-15-3235) will be dismissed for the reasons explained below.

## I. Background

A grand jury in this district returned a Second Superseding Indictment against Dr. Echols, a local gastroenterologist, charging him with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (count one) and six counts of making false statements in connection with the delivery of or payment for healthcare benefits, items, or services in violation of 18 U.S.C. § 1035 (counts two through seven).[2] At trial the government presented evidence that Echols, as Medical Director for two home health care companies (Family Home Healthcare and Houston Compassionate Care), defrauded Medicare by signing plans of care ("POCs") authorizing home health care for patients he had not seen or treated.[3] After

---

[2]Second Superseding Indictment, Docket Entry No. 96, pp. 7-10.

[3]A "plan of care" in this context is a formal document (also known as a Form 485) that outlines how a home health care agency will care for a particular patient. See Trial Transcript, Dec. 10, 2012, Docket Entry No. 164, p. 30. Medicare has three specific requirements that a patient must meet in order to qualify for home health care: (1) the patient must be homebound; (2) the patient must need skilled nursing; and (3) the patient must be under the care of a physician. Id. The physician who signs the POC initiating home health care, typically a primary care physician, certifies that the patient meets these requirements. Id. at 31-32, 35.

hearing all of the evidence a jury found Echols guilty as charged on all counts.[4]

On March 18, 2013, the court sentenced Echols to serve 63 months' imprisonment followed by a three-year term of supervised release.[5] The court also ordered Echols to pay a $700 assessment and to make restitution in the amount of $2,918,830.51.[6] On January 9, 2014, the court reduced Echols' term of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to his failing health.[7]

On direct appeal Echols argued that (1) the admission of case agent Korby Harshaw's testimony as a summary witness was reversible plain error; (2) the district court abused its discretion by declining to give Echols' proposed jury instruction on good faith; and (3) the district court incorrectly calculated the loss attributable to Echols at sentencing. See United States v. Echols, 574 F. App'x 350, 354 (5th Cir. June 25, 2014).[8] The Fifth Circuit summarized all of the evidence presented at trial and rejected Echols' arguments, affirming the conviction and sentence. Id. at 352-54. The Supreme Court denied Echols' petition for a writ of

---

[4]Verdict, Docket Entry No. 148, p. 1.

[5]Judgment in a Criminal Case, Docket Entry No. 176, pp. 3, 4.

[6]Id. at 6.

[7]Amended Order to Reduce Term of Imprisonment to Time Served, Docket Entry No. 252, pp. 1-2.

[8]Opinion, Docket Entry No. 257, p. 6.

certiorari on November 3, 2014. See <u>Echols v. United States</u>, 135 S. Ct. 463 (2014).

On November 3, 2015, Echols filed the pending § 2255 Motion.[9] Echols contends that he is entitled to relief from his conviction and sentence because he was denied effective assistance of counsel at his trial.[10] The government argues that Echols is not entitled to relief and that the § 2255 Motion must be denied because his claims lack merit.

## II. Standard of Review

A prisoner serving a sentence imposed by a federal court "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If the court concludes that the prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A prisoner seeking relief under 28 U.S.C. § 2255 "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. <u>United States v. Frady</u>, 102 S. Ct. 1584, 1593 (1982). After a conviction has been affirmed on appeal, a court is

---

[9] § 2255 Motion, Docket Entry No. 259, p. 13.

[10] <u>Id.</u> at 4-5, 7.

"entitled to presume that the defendant stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). For this reason, "[r]elief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Mindful of the defendant's pro se status, the court has liberally construed his § 2255 Motion and related filings. See Estelle v. Gamble, 97 S. Ct. 285, 292 (1976) ("[A] pro se document is to be liberally construed."); Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam) (stating that pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, a pro se petitioner's "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (citing Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983)).

### III. Discussion

#### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. See Yarborough v. Gentry, 124 S. Ct. 1, 4 (2003). "The

benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). A defendant asserting ineffective assistance of counsel therefore must demonstrate that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. Id. "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

"The performance prong of Strickland requires a defendant to show that counsel's representation fell below an objective standard of reasonableness." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (internal quotation marks and citation omitted). "Therefore, courts may not fall prey to 'the distorting effect of hindsight' but must be 'highly deferential' to counsel's performance." Carter, 131 F.3d at 463 (quoting Strickland, 104 S. Ct. at 2065-66). "Hence, there is a strong presumption that the performance 'falls within the wide range of reasonable professional assistance.'" Id. (same). The burden is on the defendant to overcome this presumption. Id.

To establish Strickland prejudice a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The defendant therefore "must establish that the attorney's errors were so deficient as to render the verdict fundamentally unfair or unreliable." Carter, 131 F.3d at 463. The burden is on the defendant to affirmatively prove prejudice. Strickland, 104 S. Ct. at 2067.

## B. Echols' Ineffective-Assistance Claims

Echols contends that he was denied effective assistance of counsel because his defense attorney (Connie Williams) failed to (1) introduce a written policy of Houston Compassionate Care; (2) object to testimony from case agent Korby Harshaw; and (3) diligently prepare for trial.[11]

### 1. Failure to Introduce a Written Policy

Echols contends that his defense counsel was deficient for failing to introduce a written policy of Houston Compassionate Care, which reportedly gave Echols "oversite [sic] review" of another doctor's verbal order to initiate home health care services and which authorized him to sign POCs after the patient had been

---

[11]§ 2255 Motion, Docket Entry No. 259, pp. 4-5, 7.

discharged from care.[12] Echols provides a copy of a one-page policy, which simply provides that "[a]ll patient care services" rendered by Houston Compassionate Care "shall be delivered in conformance with physicians' orders."[13] The policy includes a procedure that authorizes the Medical Director to sign orders for a patient where a treating physician has authorized care, but cannot be reached:

> 5. All physician orders will be signed by the requesting physician within 60 calendar days and placed in the patient's record. Orders not returned signed within 45 calendar days, will result in being referred to the Medical Director who will review the patient's clinical record and may attempt to contact the patient's physician. If unable to obtain the admitting physician's signature, the Medical Director will determine whether to sign the patient's orders and or recommend the patient's discharge. If discharge is recommended, the patient will be given at least five (5) days notice of discharge and the discharge policy shall be followed.[14]

Echols claims that introducing this written policy into evidence would have shown the jury that he "acted in accordance" with a plan approved by Houston Compassionate Care and the Texas Department of Aging and Disability Services ("DADS").[15]

Echols testified at trial that as Medical Director he was authorized to sign POCs in an administrative capacity when the

---

[12] Id. at 4.

[13] Houston Compassionate Care, Inc. Conformance with Physician Orders, Exhibit No. 1 to Defendant's Reply, Docket Entry No. 265, p. 9.

[14] Id.

[15] § 2255 Motion, Docket Entry No. 259, p. 4.

treating physician could not be reached to sign the form and that his actions were consistent with this policy.[16] Defense counsel emphasized this explanation in his summation, arguing that Echols merely signed the POCs as an administrative duty.[17] To the extent that the written policy would have been cumulative of Echols' testimony, he cannot show that he was prejudiced by counsel's failure to introduce the proposed exhibit. See United States v. Wines, 691 F.3d 599, 605 (5th Cir. 2012) ("failing to introduce cumulative evidence at trial does not give rise to Strickland prejudice") (citation omitted); see also Lincecum v. Collins, 958 F.2d 1271, 1280 (5th Cir. 1992) (finding no prejudice for the failure to present duplicative or cumulative evidence).

More importantly, Echols has not shown that introducing the written policy would have been helpful to his defense. The written policy plainly states that care must conform to physicians' orders,[18] which is not what happened in this case. The evidence conclusively showed that Echols signed numerous POCs certifying that home health care was necessary for patients whom he had never seen and whose treating physicians had not ordered such care.[19] The

---

[16]Trial Transcript, Dec. 12, 2012, Docket Entry No. 169, pp. 133-36, 153-54, 165-67.

[17]Id. at 218-19.

[18]Houston Compassionate Care, Inc. Conformance with Physician Orders, Exhibit No. 1 to Defendant's Reply, Docket Entry No. 265, p. 9.

[19]Trial Transcript, Dec. 11, 2012, Docket Entry No. 166, pp. 139-49 (Testimony of Dr. Christopher Angelo); pp. 176-82 (continued...)

evidence further showed that Echols did not comply with the procedure outlined in the written policy because he made no attempt to review the patients' clinical records or to contact the patients' treating physicians before signing the POCs.[20] Introducing the policy would only have further highlighted the fact that his actions were unauthorized. Counsel is not deficient for failing to present evidence that is "double edged." Hopkins v. Cockrell, 325 F.3d 579, 586 (5th Cir. 2003). Because Echols has not shown that his counsel was deficient for failing to introduce the above-referenced policy or that he was prejudice as a result, he is not entitled to relief on this claim.

## 2. Failure to Object

Echols contends that his defense counsel was deficient for failing to object to testimony from Special Agent Korby Harshaw that constituted improper "summary, hearsay and personal opinion[.]"[21] Echols does not cite any particular testimony. Instead, he references testimony that the Fifth Circuit characterized in dicta as "likely twice extend[ing] inadvisably in directions prohibited to a lay witness, such as opinion testimony

---

[19](...continued)
(Testimony of Dr. Baxter Montgomery); pp. 192-200 (Testimony of Dr. Owen McCormack); pp. 213-21 (Testimony of Dr. Barry Martin); pp. 229-40 (Testimony of Dr. Dorothy Serna).

[20]Trial Transcript, Dec. 11, 2012, Docket Entry No. 166, pp. 57, 87; Trial Transcript, Dec. 12, 2012, Docket Entry No. 169, pp. 155, 157, 160.

[21]§ 2255 Motion, Docket Entry No. 259, p. 5.

as to why an unindicted person was not in 'trouble' along with Echols, and what Medicare regulations mean or whom Medicare trusts."[22] United States v. Harris, 574 F. App'x 350, 356 n.7 (5th Cir. 2014).

The Fifth Circuit held that Harshaw's testimony as a summary witness was admissible under Rule 1006 of the Federal Rules of Evidence and that any hearsay statements were harmless. Id. at 355-57. To the extent that the Fifth Circuit rejected Echols' claims about Harshaw's summary testimony on direct appeal, that ruling is binding on this court as law of the case and may not be re-litigated. See United States v. Smith, 814 F.3d 268, 273 (5th Cir. 2016) ("The law-of-the-case doctrine bars reexamination of issues of law or fact decided on appeal in subsequent proceedings in a trial or appellate court.") (citation omitted); see also United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Echols does not otherwise demonstrate that his defense counsel was deficient, or that he was actually prejudiced, by any failure to object to Harshaw's summary testimony or any hearsay.

Citing the Fifth Circuit's opinion[23] Echols complains that Harshaw expressed improper opinions in two instances. The Fifth

---

[22] Id.

[23] Id.

Circuit did not directly address that argument or hold that Harshaw's testimony was inadmissible for that reason. Echols does not cite to specific testimony in the record or articulate what objection his counsel should have made. Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient." United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). More importantly, the court's own review of the record reflects that Echols was not prejudiced by his counsel's failure to object.

Harshaw was asked on cross-examination about a doctor with the Harris County Hospital District (Dr. Cook) who was found to have signed orders approved by other Harris County Hospital District physicians, but was not indicted for doing so.[24] On re-direct examination Harshaw distinguished Dr. Cook's circumstances from those involving Dr. Echols and commented that Cook was not "in trouble" because Harshaw believed he had no intent to commit a crime.[25] To the extent that Harshaw improperly commented on Dr. Cook's culpability, the court expressly instructed the jury to disregard "the guilt of any other person or persons not on trial in this case."[26] Echols does not demonstrate that Harshaw's isolated

---

[24]Trial Transcript, Dec. 12, 2012, Docket Entry No. 169, pp. 85-87.

[25]Id. at 101.

[26]Id. at 189; Court's Instructions to the Jury, Docket Entry No. 144, p. 5.

comment was so pronounced or prejudicial that it could not be cured by a limiting instruction. See, e.g., United States v. Peterson, 244 F.3d 385, 394 (5th Cir. 2001) (holding that a limiting instruction given at the close of trial was sufficient to cure prejudice from improperly admitted evidence). Absent a showing of prejudice, Echols does not demonstrate that his counsel was ineffective for failing to object to Harshaw's comment about Dr. Cook.

Harshaw was also challenged on cross-examination to explain how Medicare pays claims, noting in his testimony that Medicare "trust[s]" that the patient's physician has certified that home health care is necessary.[27] To the extent that Harshaw testified about the meaning of Medicare regulations and trust in the Medicare system, Harshaw merely repeated testimony given previously by the government's expert (Medicare claims analyst, Lisa Garcia).[28] Any error in the admission of Harshaw's testimony about the Medicare system was therefore harmless. See United States v. El-Mezain, 664 F.3d 467, 526-27 (5th Cir. 2011) ("It is well established that error in admitting evidence will be found harmless when the evidence is cumulative[.]") (citations omitted); United States v. Okoronkwo, 46 F.3d 426, 435 (5th Cir. 1995) (holding that the admission of an agent's testimony was harmless because it was

---

[27]Trial Transcript, Dec. 12, 2012, Docket Entry No. 169, p. 80.

[28]Trial Transcript, Dec. 10, 2012, Docket Entry No. 164, pp. 21-49, 65.

cumulative of other evidence). Echols does not otherwise demonstrate that any of the testimony given by Harshaw was erroneous, misleading, or exceeded his expertise as a special agent employed by the United States Department of Health and Human Services. As a result, Echols cannot demonstrate that he was prejudiced by his counsel's failure to object. Absent a showing of deficient performance and actual prejudice, Echols does not show that he was denied effective assistance due to his counsel's failure to object.

3. <u>Failure to Prepare for Trial</u>

In his final ground of relief, Echols groups together several allegations in an effort to show that his counsel failed to diligently prepare for trial.[29] Echols claims that his counsel was deficient because he did not secure a handwriting expert or present evidence that his signature on the POCs from Family Home Healthcare was forged.[30] Echols also contends that defense counsel was deficient for failing to subpoena a nurse practitioner (Tonia Jackson) and the Directors of Nursing at Houston Compassionate Care (Rosa Davis and Claire Dennings) as witnesses at trial.[31] Echols

---

[29]§ 2255 Motion, Docket Entry No. 259, p. 7. Echols also appears to repeat his claims that defense counsel was deficient for failing to present a policy of Houston Compassionate Care and to raise timely objections to Korby Harshaw's testimony. <u>Id.</u> Because the court has already rejected these claims, it does not address these allegations further.

[30]<u>Id.</u>

[31]<u>Id.</u>

-14-

also alleges that counsel was deficient for failing to get a private investigator to interview several doctors who were listed in the indictment or to subpoena medical records from these doctors before the trial.[32] Echols adds that counsel failed to conduct an adequate pretrial investigation because he failed to secure "important exculpatory information" for Echols' review.[33]

Echols' contention that counsel should have secured a handwriting expert and presented evidence of forgery is meritless. Echols admitted at trial that he signed the POCs at issue.[34] Echols does not present any evidence that his signature was forged or that a handwriting expert would have said so. His conclusory allegations are insufficient to establish deficient performance or actual prejudice. See United States v. Demik, 489 F.3d 644, 646 (5th Cir. 2007) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue); see also United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (citation omitted).

Echols also provides insufficient facts in support of his claim that counsel was deficient for failing to call witnesses.

---

[32]Id.

[33]Defendant's Reply, Docket Entry No. 265, p. 6.

[34]Trial Transcript, Dec. 12, 2012, Docket Entry No. 169, p. 502.

Claims of uncalled witnesses are "disfavored" on collateral review, "especially if the claim is unsupported by <u>evidence</u> indicating the witnesses's [sic] willingness to testify and the substance of the proposed testimony." <u>Gregory v. Thaler</u>, 601 F.3d 347, 352 (5th Cir. 2010) (citing <u>Harrison v. Quarterman</u>, 496 F.3d 419, 428 (5th Cir. 2007)) (emphasis added). A defendant who alleges ineffective assistance of counsel based on the failure to call either a "lay or expert witness" must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to the particular defense." <u>Day v. Quarterman</u>, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted).

Echols does not provide a statement from any of his proposed witnesses indicating that they would have testified on his behalf or establishing the content of any proposed testimony. "Where the only evidence of a missing witnesses' [sic] testimony is from the defendant," a court must view claims of ineffective assistance premised on the uncalled testimony with "great caution." <u>Sayre v. Anderson</u>, 238 F.3d 631, 636 (5th Cir. 2001). Absent a showing that a particular witness would have offered testimony favorable to the defense, the defendant's claim is speculative and conclusory, and does not demonstrate either deficient performance or resulting prejudice on trial counsel's part. <u>See</u> <u>id.</u> Accordingly, Echols

does not demonstrate that he was denied effective assistance because his counsel failed to call witnesses.

Echols also provides no facts in support of his claim that counsel failed to conduct an adequate pretrial investigation or to uncover exculpatory evidence. A defendant who alleges a failure to investigate on the part of his counsel "must allege <u>with specificity</u> what the investigation would have revealed and how it would have altered the outcome of the trial." <u>United States v. Bernard</u>, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted) (emphasis in original). Echols' conclusory allegations are insufficient to state an ineffective-assistance claim. <u>See</u> <u>Lincecum v. Collins</u>, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence).

Echols makes a number of other general allegations regarding his counsel's purported failure to conduct a "thorough and focused pre-trial investigation," which do not bear further discussion.[35] Contrary to Echols' allegation that his defense counsel failed to prepare for trial, the record shows that his attorney was familiar with the extensive documentary evidence and that he competently cross-examined all of the government's witnesses. Defense counsel presented a cogent defense based on the law and the facts, and he

---

[35]Defendant's Reply, Docket Entry No. 265, pp. 7-8.

argued capably on Echols' behalf at trial and sentencing. Echols has not shown that his defense attorney was deficient for failing to prepare or that he was actually prejudiced as a result, and his allegations are insufficient to overcome the presumption that he was provided reasonably effective assistance of counsel. See Strickland, 104 S. Ct. at 2065-66. Because Echols has not established a valid claim on any of his grounds for relief, his § 2255 Motion will be denied.

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Echols does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will be denied.

### V. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody filed by Ben Harris Echols (Docket Entry No. 259) is **DENIED**; and this action is **DISMISSED with prejudice.**

2. A certificate of appealability is **DENIED**.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 18th day of July, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE